**STATE**

v.

**David SCIARRA.**

No. 89-220-C.A.

Supreme Court of Rhode Island.

May 15, 1990.

James E. O'Neil, Atty. Gen., Jeffrey Greer, Asst. Atty. Gen., Peter P.D. Leach, Sp. Asst. Atty. Gen., for plaintiff.

Robert S. Ciresi, Mary June Ciresi, North Providence, for defendant.

OPINION

FAY, Chief Justice.

On November 2, 1988, a jury convicted David Sciarra (defendant) of receiving stolen goods in violation of G.L.1956 (1981 Reenactment) § 11-41-2. The defendant

appeals this conviction, asserting that the evidence was insufficient to support guilt beyond a reasonable doubt. We affirm.

The following facts are relevant to this appeal. On November 2, 1987, two boxes arrived at T.F. Green Airport addressed to David Sakkinen (Sakkinen). The defendant accompanied Sakkinen to the U.S. Air freight terminal to pick up the packages, backing up in his wife's green Oldsmobile to the terminal door. Both Sakkinen and defendant took the two packages and proceeded to load them into the Oldsmobile.

Lieutenant Brian Andrews (Andrews) of the Rhode Island State Police witnessed the transaction. Andrews testified that from his initial observation a portion of what was later determined to be a man's suit jacket and the silver tip of a hanger was visible. After witnessing Sakkinen and defendant place the packages into the trunk, Andrews stated, the two were arrested. The defendant was tried in Superior Court by a jury. Sakkinen has since died.

At trial, in addition to the testimony of Andrews, the state produced evidence from Dillard's Department Store in Arizona in order to establish the origin of the suits. Brian Cox (Cox), an assistant buyer for Dillards, testified that the numbers found on certain tags supported the conclusion that the suits had belonged to that store. Cox asserted that "[they] were able to know it was [theirs] based upon the representation of that tag."

The defendant contends that the evidence adduced at trial was insufficient to support a finding of guilt beyond a reasonable doubt. Specifically, each and every element under § 11–41–2 was not proven.

Section 11–41–2 provides:

"Receiving stolen goods.—Every person who shall fraudulently receive any stolen money, goods, securities, chattels or other property, knowing the same to be stolen shall be deemed guilty of larceny, although the person who stole the same may not have been prosecuted or convicted therefor; and the possession of any such stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen, except such person shows that it was acquired in the due course of trade and for adequate consideration."

Under the statute the state must prove possession of stolen property coupled with guilty knowledge. We have previously defined possession as "an intentional control of an object with knowledge of its nature." *State v. Colbert*, 549 A.2d 1021, 1023 (R.I. 1988); *see also State v. Jenison*, 442 A.2d 866, 875 (R.I.1982). The evidence adduced at trial, that defendant accompanied Sakkinen to the airport, used his wife's car for transportation, and physically assisted Sakkinen carry the packages, whose contents were somewhat exposed, is sufficient to allow a jury to infer possession of the item.

The defendant next contends that he did not possess the requisite guilty knowledge to be convicted under § 11–41–2. Section 11–41–2 creates a purported presumption of guilty knowledge when one is found in possession of stolen goods. In light of *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), this presumption has been construed as a legislatively authorized inference that does not obviate the necessity of a determination by a trier of fact that the totality of evidence in the case, including the inference, must constitute proof beyond a reasonable doubt. *In re Vincent*, 122 R.I. 848, 853, 413 A.2d 78, 81 (1980). "The trier of fact, judge or jury, is free to accept or reject the inference in each case." *Id.* (citing *State v. Neary*, 122 R.I. 506, 513, 409 A.2d 551, 555 (1979)). *See County Court of Ulster v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), for a comprehensive discussion of this concept.

In the circumstances disclosed by the facts of the case at bar, we are of the opinion that the totality of evidence, including the inferences to be drawn from possession, justified the jury's finding beyond a reasonable doubt that the defendant had knowledge that the goods were stolen.

For the foregoing reasons the defendant's appeal is denied and dismissed, the

judgment of conviction is affirmed, and the papers of the case are remanded to the Superior Court.